Mr. Chief Justice Shahkey
delivered the opinion of the court.
This suit was brought by the defendant in error, as president of the board of commissioners, and successor to Meshach Carter, late president, &c., on four promissory notes, for $431 each, payable to Meshach Carter, as president of the board of commissioners, for the sixteenth section, in Township eleven, Range fourteen, east, or his successors in office; and it appeared that the consideration was a lease of part of the section above mentioned.
The defendants had pleaded the general issue, and by consent it was agreed that a plea should be considered as put in, denying that said Carter, or said Harman, was, at the time of bringing this suit, legal trustee of said sixteenth section, or at any other time.
After the plaintiff below had introduced the notes, and proved the consideration, the defendants offered a witness to prove that the commissioners who made the lease and took the notes, never qualified themselves to act by giving bond and security, and by taking the oath required by law, but the proof was excluded, and this is assigned for error. The plaintiff has sued in an artificial or fiduciary capacity; it was competent for the defendants to deny the character in which the plaintiff sued, and thus defeat the action; but this was not done ; on the contrary the character- was admitted by the plea of the general issue. It seems to be a case falling very clearly within the provision of the act of the legislature, passed in 1836, (How. & Hutch. 579,) which declares that all pleas to the action shall be deemed as admitting the parties, and the character of the parties suing, *571 and in no case shall the plaintiff be required to prove any written signature, identity of persons, description of character, &c., unless sueh signature, person, partnership, or description of character, be denied by plea, and its truth attested by oath. Before the passage of this statute it was decided that school commissioners, or trustees, suing, must prove their capacity. The defendants, then, could not, under the state of pleadings, question the character in which the plaintiff sued, or whether they had properly qualified to act in the fiduciary capacity, and the proof offered was properly excluded.
The defendants below also offered to prove that the lease had been made on thirty days’ notice. By an examination of the law on which this proof was offered, it is found that when decreed to do so by a majority of the heads of. families residing in the township, the trustees are authorized to lease the school section for ninety-nine years to the highest bidder, on giving six weeks’ notice in a newspaper. It would not follow that a note given for a lease made on shorter notice would be void. If the lessee, knowing the irregularity in making the lease, and without any-assurance, or fraud on the part of the lessors, should choose to give his note and take the risk, the fault would be his own, and he could have no relief from his bargain. But this objection is open to this further answer. A notice of six weeks is only necessary in making a lease for ninety-nine years. It was no doubt perfectly understood on the trial that the lease was made for that term, and we should judge from the price that it was; but we fail to find any such information in the record, and it will not do for us to decide on a state of facts which we know nothing of, except from conjecture. If the lease was for a shorter term, as it may have been, the notice was sufficient, and the evidence was not pertinent.
But it is also insisted that the judgment must be reversed, because the declaration shows no right of action in the plaintiff. He has declared as president of the board of commissioners, and successor to Meshach Garter, late president, &c., and the cause of action (the notes) is described as having accrued by the promise to pay Carter, as the president of the board of com *572 missioners for the sixteenth section, in Township eleven, Range fourteen, east, and his successors in office. The declaration undoubtedly contains a good cause of action, though it may be defectively stated. If it be only a defective statement of title, the remedy was obvious, but it is now too late to raise the objection, it is cured by the verdict.
An objection is also taken that there was no replication to the second plea. As a plea it is defective, being but a short method adopted for convenience, and there is.an issue to it of the same character.
The affidavit presented for a new trial was wholly insufficient, both in regard,to the excuse for the absence of the party, and the facts he states would have been established if he had been present.
Judgment affirmed.